NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0668n.06
Filed: August 5, 2005

No. 04-1788

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

NANCY COLE,                                )
                                           )
        Plaintiff-Appellant,               )
                                           )
v.                                         )  ON APPEAL FROM THE UNITED
                                           )  STATES DISTRICT COURT FOR THE
READER'S DIGEST SALES AND                  )  EASTERN DISTRICT OF MICHIGAN
SERVICES, INCORPORATED,                    )
                                           )
        Defendant-Appellee.                )


Before: GIBBONS and COOK, Circuit Judges; PHILLIPS, District Judge.[*]

PER CURIAM. Nancy Cole appeals the district court's order granting summary judgment in favor of Reader's Digest Sales & Services, Inc., on Cole's gender and age discrimination claims. After hearing oral argument and reviewing the record, the parties' briefs, and the applicable law, this court determines that a panel opinion addressing all of the issues raised would serve no jurisprudential purpose. We therefore affirm the district court's decision for the reasons stated in that court's opinion, with only the following exception.

The district court struck the expert affidavit of Edmund Cole, the plaintiff's husband, on the ground that, as her husband, he had "an obvious bias in favor of his spouse." Nothing, however, in

_____

[*]The Honorable Thomas W. Phillips, United States District Judge for the Eastern District of Tennessee, sitting by designation.

No. 04-1788
*Cole v. Reader's Digest Sales & Servs., Inc.*

Fed. R. Evid. 702 disqualifies an individual from serving as an expert by virtue of his or her relationship to the plaintiff. *See Braun v. Lorillard Inc.*, 84 F.3d 230, 237-38 (7th Cir. 1996) ("A litigant, or a litigant's CEO, or sole stockholder, or mother, or daughter is not, by reason of his or her or its relation to the litigant, disqualified as an expert witness."). Such a conflict of interest goes to the weight of the evidence, not its admissibility. *See Tagatz v. Marquette Univ.*, 861 F.2d 1040, 1042 (7th Cir. 1988) ("The trier of fact should be able to discount for so obvious a conflict of interest."). Nonetheless, the district court's error in striking Edmund Cole's affidavit for bias was harmless, because, as the court alternatively concluded, the affidavit, even if admissible, failed to create a genuine dispute of fact. We therefore affirm.